UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LYNDON FISCHER,<br><br>Defendant. | Case No. CR17-69RSL<br><br>ORDER GRANTING<br>MOTION TO MODIFY<br>CONDITIONS OF<br>PROBATION |

This matter comes before the Court on defendant's "Motion to Modify Condition of Probation Pursuant to 18 U.S.C. § 3563(c)." Dkt. # 5. The Court has considered the parties' memoranda and the remainder of the record.

On December 7, 2016, defendant Lyndon Fischer pleaded guilty to conspiracy to defraud the United States (in violation of 18 U.S.C. § 371), and filing a false federal tax return (26 U.S.C. § 7206(1)). See United States v. Fischer, CR15-419JO, Dkt. # 43 (D. Or. Nov. 30, 2015) [hereinafter "Or. Dkt."]. Fischer's guilty pleas stemmed from a scheme where he and a business partner avoided paying more than half a million dollars in taxes. See Or. Dkt. # 22. Fischer was sentenced by the Honorable Robert E. Jones, United States District Judge for the District of Oregon. Or. Dkt. # 38. Instead of imprisonment, Judge Jones sentenced Fischer to five years' probation with the condition of home confinement, because that would allow Fischer to work toward repaying the taxes he owed and would avoid Fischer's employees losing their jobs. See Dkt. # 5-1 at 2. At sentencing, Judge Jones remarked, "Now as far as the home detention is concerned, once everything is paid back, the amount that is due on back taxes, interests, and

ORDER GRANTING MOTION TO MODIFY CONDITIONS OF PROBATION - 1

penalties, I will consider a modification of your conditions at that time, but not before." Dkt. # 5-2 at 3. Fischer has served 16 months of his 60-month sentence and has satisfied the restitution he was ordered to pay. See Dkt. # 5-3. Having paid back the money, Fischer moves to modify his probation to remove the conditions of home confinement and GPS monitoring. Dkt. # 5.

The Court has discretion to "modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation." 18 U.S.C. § 3563(c). In modifying any conditions, the Court considers the factors that guided the initial setting of the conditions. 18 U.S.C. § 3563(c); see id. § 3563(b) (referring to the factors set forth in 18 U.S.C. §§ 3553(a)(1)–(2)). When weighing these factors, the Court "enjoys discretion to consider a wide range of circumstances." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

The Court applauds defendant's successful satisfaction of the restitution ordered and (after consultation with the sentencing judge) concludes that modifying the conditions of his probation is warranted at this time. For the foregoing reasons, the motion, Dkt. # 5, is GRANTED.

DATED this 21st day of August, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge